SUMMONS ISSUED

★ FILED ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK 2012 MAY -8 PM 1: 0**SUMMONS ISSUED**

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

RYAN DUFORT,

Plaintiff,

-against-

**COMPLAINT**

CV 12 - 2283

Jury Trial Demanded

CITY OF NEW YORK, JOSEPH MAROTTA, JAE SHIM,
THOMAS CONFORTI, WILLIAM SCHMITTGALL, RICHARD A.
BROWN, PATRICK O'CONNOR, MICHAEL VOZZO, and
JOHN AND JANE DOE1 through10, (the names John and Jane Doe
being fictitious as the true names are presently unknown),

Defendants.



------------------------------------------------------------------------X

Plaintiff RYAN DUFORT, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States. Plaintiff also

asserts supplemental state law claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RYAN DUFORT is a twenty one year old Asian man residing in Queens County.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants JOSEPH MAROTTA, JAE SHIM, THOMAS CONFORTI, WILLIAM SCHMITTGALL, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. They are sued in their individual capacities.

10.     Defendant CITY OF NEW YORK was also, at all relevant times herein, authorized to act though the Queens County District Attorney's Office in regard to investigation, evaluation and prosecution of alleged criminal conduct within the County of Queens.

2

11.     The Queens County District Attorney's Office was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York to investigate and prosecute criminal conduct within the County of Queens.

12.     RICHARD A. BROWN was at all times relevant herein the District Attorney of Queens County, responsible for the policies, practices and customs of the Queens County District Attorney's Office, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the assistant district attorneys who worked in his office. He is sued in his individual and official capacities.

13.     Defendants PATRICK O'CONNOR and MICHAEL VOZZO were, at all times relevant herein, Assistant District Attorneys in the Queens County District Attorney's Office, and were officers, employees and agents of said office. They are sued in their individual capacities.

14.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

15.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK as agents, servants, employees and officers of either the New York City Police Department or the Queens County District Attorney's Office.

## FACTS

16.     On or around October 8, 2006, at approximately 4:00 a.m., two individuals were assaulted by a group of males inside of the Pastel Karaoke bar located in Flushing, Queens.

3

17.     One of the victims was pronounced dead a short while later. The other survived.

18.     On or about October 8, 2006, the defendants obtained a surveillance video from Pastels and started investigating the incident.

19.     The defendant detectives and prosecutors reviewed the video with eyewitnesses.

20.     Upon information and belief, while the video and/or multiple eyewitnesses confirmed others were involved in the fight, there was no evidence whatsoever known to the defendants that plaintiff was involved. Only one witness, a young woman who had been drinking with the assault victims prior to the incident and who was in shock from seeing what she described as many as twenty males beat her friends, purportedly identified plaintiff as being involved in the assault.

21.     However, based on the witness' statement, the defendants did not have probable cause and/or otherwise had reason to disbelieve the witness and/or question the witness' reliability and/or had reason to investigate further. In particular, the witness stated that plaintiff was present at the beginning of the fight. However, the video – which was in defendants' possession at the time the witness purportedly implicated plaintiff – clearly showed that plaintiff arrived at the location *after* this witness stated that she left the scene of fight. The defendants therefore knew that she did not in fact see the plaintiff involved in any fight.

22.     Further, the defendants were aware that this witness did not identify plaintiff by his face, but merely identified plaintiff by his *clothing*. In particular, the defendants conducted an unduly suggestive lineup. At trial, this purported eyewitness confirmed that she could not identify plaintiff as being involved in the fight, just that she only recognized the color of his shirt. In fact, as the defendants were aware, there was at least one other individual with a similar colored garment involved in the fight.

4

23.    Another eyewitness, a young man admittedly involved in the fight, entered into a cooperation agreement with the defendants. While he implicated others as being involved in the fight, he in fact clearly confirmed that plaintiff was not involved.

24.    Armed with the knowledge that probable cause was lacking, the defendants maliciously conspired together to arrest and prosecute plaintiff.

25.    Plaintiff, at the time just fifteen years old, was arrested on or around October 11, 2006, despite the absence of probable cause.

26.    Acting in concert with the Queens County District Attorney's Office, defendant Marotta falsely swore out a criminal court complaint, under penalty of perjury, stating that "based upon information provided by individuals known to the Queens County District Attorney's Office and the New York City Police Department", that the plaintiff, in sum and substance, participated in the fight.

27.    None of the defendants, despite affirmative obligations and meaningful opportunities to intercede, did so.

28.    Plaintiff was consequently arraigned on murder and lesser related charges on or around October 13, 2006, in Criminal Court, Queens County, despite the defendants' knowledge that the available evidence failed to rise to the level of probable cause or arguable probable cause to arrest and/or prosecute the plaintiff.

29.    In or around January 2007, plaintiff was caused to indicted based on, without limitation, the intentional concealment by the NYPD and District Attorney defendants of evidence of plaintiff's innocence, which was in their possession and known to them from the outset of their joint investigation, to wit: that the sole witness purportedly linking plaintiff to the fight was contradicted by the video, and that her identification of plaintiff was not of his person,

5

but of the garment he was wearing in photos shown to the witness, and then in the improper lineup orchestrated by the defendants.

30.     As a result of the foregoing, plaintiff was prosecuted in Supreme Court, Queens County, under Indictment Number 248/2007, for years, despite the absence of probable cause to do so, and as a direct result of the defendants' malicious concealment of exculpatory evidence.

31.     Among other things, it was known to the defendants that not a single witness could identify plaintiff as being involved in any crime, yet they caused plaintiff to be prosecuted for years.

32.     As a direct result of the above, plaintiff was imprisoned in various City juvenile detention facilities and adult jails from October 11, 2006 through June 15, 2011.

33.     The above-described criminal proceedings terminated in favor of the plaintiff when he was acquitted after a jury trial on June 15, 2011.

34.     The above actions of the NYPD officers and Queens Assistant District Attorneys involved in plaintiff's arrest and prosecution were witnessed by other officers and/prosecutors who failed to intervene in the illegal conduct described herein. In so doing, the City and its employees intentionally, recklessly, and negligently caused plaintiff to be injured, including, but not limited to, suffering extensive loss of liberty and enjoyment of life via plaintiff's incarceration in various City jail facilities from October 2006 through June 2011, and emotional distress.

35.     Defendant JOHN or JANE DOE 1 supervised defendants JOHN and JANE DOE 2 through 10 and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

36.     The defendants JOHN and JANE DOE 1 through 10 participated in and/or failed

6

to intervene in the illegal conduct described herein.

37.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York via the New York City Police Department and the Queens County District Attorney's Office and/or Defendant Brown, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

38.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers and Assistant District Attorneys, including the defendants, are insufficiently trained regarding the ramifications of falsification, the standards and ethics of dealing with exculpatory information, and/or of the obligation of promptly disclosing exculpatory information and taking steps to halt arrests and/or prosecutions when it is know that adequate grounds are lacking.

39.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

40.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers and Assistant District Attorneys, and failed to adequately train and supervise them.

41.     As a result of the foregoing, plaintiff RYAN DUFORT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his

7

constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44.     All of the aforementioned acts deprived plaintiff RYAN DUFORT, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

45.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to

8

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants arrested plaintiff RYAN DUFORT without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

51.     Defendants caused plaintiff RYAN DUFORT to be falsely arrested and unlawfully imprisoned.

52.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants issued criminal process against plaintiff RYAN DUFORT by causing his arrest and prosecution for murder.

55.     Defendants caused plaintiff RYAN DUFORT to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, and thereby

9

violated plaintiff's right to be free from malicious abuse of process.

56.     Defendants acted with intent to do harm to plaintiff RYAN DUFORT, without excuse or justification.

57.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff RYAN DUFORT.

60.     Defendants misrepresented and falsified evidence.

61.     Defendants did not make a complete and full statement of facts to the Court.

62.     Defendants withheld exculpatory evidence.

63.     Defendants were directly and actively involved in the initiation of criminal proceedings against RYAN DUFORT.

64.     Defendants lacked probable cause to initiate criminal proceedings against RYAN DUFORT.

65.     Defendants acted with malice in initiating criminal proceedings against RYAN DUFORT.

66.     Defendants were directly and actively involved in the continuation of criminal

proceedings against RYAN DUFORT.

67.     Defendants lacked probable cause to continue criminal proceedings against RYAN DUFORT.

68.     Defendants acted with malice in continuing criminal proceedings against RYAN DUFORT.

69.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

70.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in RYAN DUFORT's favor on June 15, 2011, when the jury acquitted RYAN DUFORT of all charges.

71.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

74.     As a result of the foregoing, plaintiff RYAN DUFORT was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

11

75. As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants created false evidence against plaintiff RYAN DUFORT.

78. Defendants utilized this false evidence against plaintiff RYAN DUFORT in legal proceedings.

79. As a result of defendants' creation and use of false evidence, plaintiff RYAN DUFORT suffered a violation of his constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

80. As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. The defendants falsely arrested, and maliciously prosecuted plaintiff RYAN DUFORT because of the plaintiff's national origin, and/or race, or otherwise failed to intervene

12

to prevent such treatment committed in their presence by other NYPD officers.

83.     As a result of the foregoing, plaintiff RYAN DUFORT was deprived of his rights under the Equal Protection Clause of the United States Constitution.

84.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants had an affirmative duty to intervene on behalf of plaintiff RYAN DUFORT, whose constitutional rights were being violated in their presence by other officers.

87.     The defendants failed to intervene to prevent the unlawful conduct described herein.

88.     As a result of the foregoing, plaintiff RYAN DUFORT'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

89.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

13

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     The supervisory defendants, including, without limitation defendant Brown, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

92.     As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

95.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, concealing and/or otherwise falsifying evidence for the purpose of obtaining convictions. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff RYAN DUFORT'S rights as described herein. As a result of the failure of the CITY OF

14

NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

96.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, and the New York City Police Department and the Queens County District Attorney's Office, constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RYAN DUFORT.

97.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, the New York City Police Department and the Queens County District Attorney's Office, were the direct and proximate cause of the constitutional violations suffered by plaintiff RYAN DUFORT as alleged herein.

98.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, the New York City Police Department and the Queens County District Attorney's Office, were the moving force behind the Constitutional violations suffered by plaintiff RYAN DUFORT as alleged herein.

99.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, the New York City Police Department and the Queens County District Attorney's Office, plaintiff RYAN DUFORT was unlawfully arrested, illegally searched, deprived of his right to a fair trial, and maliciously prosecuted.

100.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RYAN DUFORT'S constitutional rights.

101.    All of the foregoing acts by defendants deprived plaintiff RYAN DUFORT of

15

federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from the failure to intervene;

      D.     To be free from malicious prosecution;

      E.     To be free from malicious abuse of process;

      F.     To be free from deprivation of the right to a fair trial; and

      F.     To receive equal protection under law.

102.    As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Within ninety (90) days after all state law claims alleged herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

105.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

106.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

16

107.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff RYAN DUFORT.

110.    Defendants caused plaintiff RYAN DUFORT to be prosecuted without probable cause until the charges were dismissed on or about June 15, 2011.

111.    As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

112.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Defendants issued criminal process against plaintiff RYAN DUFORT by causing him to be arrested, arraigned and prosecuted in criminal court.

114.    Defendants caused plaintiff RYAN DUFORT to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their

17

abuse of authority.

115. As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

116. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

118. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

119. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

120. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff RYAN DUFORT.

121. As a result of the aforementioned conduct, plaintiff RYAN DUFORT suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

122. As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

18

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff RYAN DUFORT.

125.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

126.    As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

127.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff RYAN DUFORT.

19

129.    As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

130.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132.    As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

133.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

20

engaged in the wrongful conduct described herein.

135.   As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

136.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.   As a result of defendants' conduct, plaintiff RYAN DUFORT was deprived of his right to equal protection of laws.

138.   As a result of the foregoing, plaintiff RYAN DUFORT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

139.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.   As a result of defendants' conduct, plaintiff RYAN DUFORT was deprived of his right to security against unreasonable searches, seizures, and interceptions.

141.   As a result of the foregoing, plaintiff RYAN DUFORT is entitled to

21

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WH**EREFORE**, plaintiff RYAN DUFORT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 8, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff RYAN DUFORT